DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-623-FDW
(3:05-cr-217-FDW)

| | | |
|---|---|---|
| RONALD TAMARCUS CLARK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), on Respondent's Motion to Dismiss Petitioner's Motion to Vacate, (Doc. No. 8), and on Petitioner's Supplemental Motion to Vacate, Set Aside, or Correct Sentence, or for Alternative Relief under 28 U.S.C. § 2241, or under the Writs of Coram Nobis and Audita Querela. (Doc. No. 18). For the reasons that follow, Petitioner's Section 2255 motion will be dismissed, and his alternative claims for relief under 28 U.S.C. § 2241 and for writs of coram nobis and audita querela will be denied.

**I. BACKGROUND**

Petitioner pled guilty on April 7, 2006, to Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841, and Possession of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1). (Crim. No. 3:05-cr-217, Doc. No. 19). On August 6, 2007, Petitioner was sentenced to 220 months imprisonment on the drug charge and a consecutive sentence of 60 months imprisonment on the firearms charge. Petitioner was subjected to a sentence enhancement under the Career Offender provisions of U.S.S.G. § 4B1.1.

Judgment was entered on November 30, 2007, and Petitioner did not appeal. See (Id., Doc. No. 26). Petitioner filed the instant Section 2255 petition on December 5, 2011, contending that his sentence is unlawful in light of Simmons because he was sentenced as a career offender and at least one of the prior convictions used to qualify him as a career offender was not punishable by more than one year in prison.

## II. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's conviction became final on December 10, 2007, when the time for filing a direct appeal expired. See Clay v. United States, 537 U.S. 522, 530 (2003); Mederos v. United

States, 218 F.3d 1252, 1253 (11th Cir. 2000); FED. R. APP. P. 4(b) (pre-2009 amendments, granting ten days in which to file a notice of appeal). Petitioner filed the instant motion to vacate approximately four years later on December 5, 2011. (Doc. No. 1). Petitioner admitted in the original Section 2255 petition that his petition was not filed within one year of the date in which his conviction became final. Petitioner argues in the motion to vacate, however, that the petition is timely under Section 2255(f)(2), which provides that a petition must be filed within "one year of the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action."[1] See (Doc. No. 1-1 at 2). Petitioner contends that his petition is timely pursuant to Section 2255(f)(2) because it was filed within one year of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner's contention is without merit, as the Fourth Circuit's decisions before Simmons were not "impediments" to Petitioner's ability to file a timely petition within the meaning of Section 2255(f)(2). Accord Farmer v. United States, Nos. 5:02cr131-BO, 5:11cv642-BO, 2012 WL 5835524, at *1 n.1 (E.D.N.C. Nov. 16, 2012). In sum, the Court finds that the Section 2255 petition is time-barred.

The Court next considers whether Petitioner is entitled to equitable tolling. To be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. United States v. Oriakhi, 394 Fed. Appx. 976, 977 (4th Cir. 2010). Petitioner contends that equitable tolling should be applied

---

[1] The Government states in its Motion to Dismiss that Petitioner argues that his petition is timely under Section 2255(f)(3), but Petitioner actually contends in his Memorandum in Support of the petition that his petition is timely under Section 2255(f)(2). See (Doc. No. 1-1 at 1). Petitioner notes in his Response to the Motion to Dismiss that he did contend that his petition was timely under Section 2255(f)(2), not Section 2255(f)(3). See (Doc. No. 13 at 2).

in this case because the intervening change in law under Simmons and Carachuri-Rosendo means he no longer qualifies as a career offender under U.S.S.G. § 4B1.1 because none of his prior convictions exceeded more than one year imprisonment. Petitioner's argument for the application of equitable tolling has no merit because even if the Court were to apply equitable tolling in this case, Petitioner would still not be entitled to relief under either Simmons or Carachuri-Rosendo. See United States v. Tomlinson, No. 12-7463 (4th Cir. Jan. 24, 2013) (slip opinion) (noting that Powell held that Carachuri-Rosendo is not retroactively applicable to cases on collateral review, where the district court applied equitable tolling to a career offender before Powell was issued).

Finally, as the Court noted previously, in a Supplement to the Motion to Vacate, Petitioner asserts 28 U.S.C. § 2241 and the writs of error coram nobis and audita querela as alternative grounds for relief from Petitioner's sentence. Petitioner is not entitled to a reduction in his sentence under any of these alternative forms of relief. First, as to potential relief under 28 U.S.C. § 2241, a petitioner seeking to attack his conviction or sentence must file a motion under Section 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under Section 2255 is "inadequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

4

Id. at 333-34.

Here, Petitioner does not challenge the legality of his conviction; rather, he challenges his sentence, which he contends was based on prior state court convictions that wrongly qualified him as a career offender and enhanced his sentence. As Petitioner is challenging his sentence only, he has failed to demonstrate that pursuit of relief through Section 2255 is inadequate.

Petitioner also seeks relief under the writ of error coram nobis or a writ of audita querela. Coram nobis relief is only available when all other grounds for relief are inadequate and where the defendant is no longer in custody. In re Daniels, 203 Fed. App'x 442, 443 (4th Cir. 2006) (unpublished); United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988). Petitioner is in custody and has, or had, an available post-conviction avenue of relief under Section 2255(f)(1). Audita querela relief is only available to "plug a gap in the system of federal postconviction remedies," United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992). Here, Section 2255 was in fact available, "leaving no gap to plug." United States v. Bennett, Nos. 3:10cr84, 3:12cv524, 2013 WL 170333, at *12 (W.D.N.C. Jan. 16, 2013).

### III. CONCLUSION

In sum, Petitioner's Section 2255 is time-barred. Furthermore, he is not entitled to alternative relief.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's Section 2255 motion, (Doc. No. 1), is dismissed with prejudice as untimely. Furthermore, Petitioner is not entitled to relief under any of his alternative theories.

2. Respondent's Motion to Dismiss, (Doc. No. 8), is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules

Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: January 25, 2013

Frank D. Whitney
United States District Judge